## Case No. 7,185.

### JAMES v. STOOKEY.

[2 Wash. C. C. 139.] [1]

Circuit Court, D. Pennsylvania. April Term, 1808.

[1] [Originally published from the MSS. of Hon. Bushrod Washington, Associate Justice of the Supreme Court of the United States, under the supervision of Richard Peters, Jr., Esq.]

WASHINGTON, Circuit Justice, charged the jury that the recital, in the warrant of 1762, to Hockley, was, as between these parties, no evidence that a warrant had issued, and been surveyed in 1755; yet, taken in connexion with the antiquity of the marks on the line and corner trees; and the call made by course and distance, of one of the lines of this tract, as Hockley's land, in Croghan's survey, made in 1755; the jury might consider the existence of Hockley's warrant in 1755. as proved; particularly, as the burning of the surveyor general's house accounts for the non-production of the papers, and for the issuing of the second warrant, on the 10th of July, 1762. Should this be the opinion of the jury, then they ought to find for the plaintiff; since the defendant does not set up a title which commences earlier than the 7th of July, 1762. Should the jury not feel themselves warranted in considering the plaintiff's title to have commenced before the 10th of July, 1762, which is three days later than that set up by the defendant; they will then inquire whether the location of the tract under the warrant of the 7th of July, interferes or not with that of Hockley's warrant. To the court, it appears that the survey did not interfere; and if this should be the opinion of the jury, their verdict will, on this ground, be for the lessor of the plaintiff, for an undivided moiety of the land in the declaration mentioned.

Verdict for plaintiff for a moiety.